## CASTRO v. HENARES ET. AL.

APPEAL from the District Court of Mayagüez.

No. 41.—Decided December 24, 1904.

APPEAL—DISMISSAL.—Where the appellant fails to comply with the provisions of articles 299 and 233 of the Code of Civil Procedure, the appeal will be dismissed.

The facts are stated in the opinion.

*Mr. Rodolfo Ramírez,* for appellant.

*Mr. Fernando Vázquez,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case the District Court of Mayagüez rendered a judgment on the 27th of August last, to the effect that the property attached and its products are the exclusive property of the plaintiff, and that the attachment should be dissolved and the property placed at the free disposition of its legitimate owner, who is the plaintiff, cancelling the cautionary notice which had been made in the record of property of the district, and imposing the costs upon the defendant, and that execution issue, etc.

From this judgment José Henares took an appeal on the 24th of September following. A copy of his notice of appeal appears in the record. He also presents a certified copy of a document from the registry of property which is placed in the record. In his appearance made in this court on the 6th of October last, he prays the court that the original documents may be sent up from the District Court of Mayagüez. This motion was refused by this court on the 17th of October, by an order entered to that effect. He then filed a three-page brief and a copy of the attachment, and the record was sent to the *ponente* on the 24th of October.

On the 25th of November the attorney for the appellant filed another paper in the nature of a brief, in which he prayed

the court under rule 66 of this court, that the case be submitted on the said brief previously filed, and the other documents presented. This was denied by an order made on the 26th of November and the case set down for hearing on the 16th of December.

On the 6th day of December the attorney for the appellee filed a brief with accompanying documents supposed to be a copy of a title deed which was used in evidence on the trial of the case, and on the 15th day of December he filed a motion stating that the appellant had not presented to this court a copy of the documents provided for in section 299 of the Code of Civil Procedure, which are the judgment, etc., as described in section 233 of the same code, and prays that the court, in accordance with section 303 of the Code of Civil Procedure, should make the proper resolution.

On the 16th of December, the day set for the trial, the hearing took place without either of the parties being present, in person or by attorney.

Inasmuch as the appellant has not complied with sections 299 and 233 of the Code of Civil Procedure, the appeal should be dismissed in accordance with section 303 of the same Code.

I do not think it necessary to enter into the merits of this case, because counsel for the appellant has not complied with the law governing appeals to this court. I therefore recommend that an order be entered dismissing the appeal.

*Dismissed.*

Chief Justice Quiñones and Justices Hernández, Figueras, and Wolf concurred.